IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURINCE O'SHEIGH SIMPSON, | ) | No. C 11-4067 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.  <u>Legal Claims</u>

7  Plaintiff's complaint is incomplete.  He begins to state facts regarding a delayed x-ray
8  examination, however, at the bottom of his "Statement of Claim" is a notation that it "[c]ontinues
9  on Page 3A."  However, the Court does not have "Page 3A," or any continuation of Plaintiff's
10 claim.  Nor does the Court have "Page 4A," which is supposed to contain the remainder of
11 Plaintiff's request for relief.  The Court cannot adequately screen an incomplete complaint.
12 Thus, the current complaint is DISMISSED with leave to amend.

13 **CONCLUSION**

14 1.  Plaintiff's complaint is DISMISSED with leave to amend.

15 2.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
16 this order is filed to cure the deficiencies described above.  The amended complaint must include
17 the caption and civil case number used in this order (C 11-4067 LHK (PR)) and the words
18 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
19 prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
20 **accordance with this order will result in dismissal of this action.**

21 3.  Plaintiff is advised that an amended complaint supersedes the original complaint.
22 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
23 in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
24 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
25 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

26 4.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
27 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
28 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
2  of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED:  11/14/11

                                   LUCY H. KOH
                                   United States District Judge